UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

DRAKENOLD TUAN NGUYEN,

    Petitioner,

    v.                                                      Case No. 10-C-1038

UNITED STATES OF AMERICA,

    Respondent.

ORDER DENYING DRAKENOLD TUAN NGUYEN'S MOTION UNDER
28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE
BY A PERSON IN FEDERAL CUSTODY, AND DISMISSING CASE

Drakenold Tuan Nguyen filed the pending 28 U.S.C. § 2255 challenging his 2006 judgment of conviction in the Eastern District of Wisconsin, which resulted in a sentence of 240 months. Nguyen pleaded guilty to conspiracy to possess and distribute marijuana, 21 U.S.C. §§ 846, 841(a)(1) and conspiracy to launder the proceeds, 18 U.S.C. § 1956(a), (h).[1] *United States v. Nguyen*, Case Nos. 05-CR-228 and 06-CR-163 (E.D. Wis.). On appeal, Nguyen argued that his guilty pleas were involuntary and that the government rendered the pleas involuntary by not informing the court of the nature and extent of his cooperation and by violating a purported agreement to limit his prison sentence to ten years. *U.S. v. Nguyen*, 387 Fed. Appx. 620, 622-623 (7th Cir. 2010)(unpublished decision). In addition, Nguyen argued that counsel who negotiated the plea agreement provided ineffective assistance. *Id.* The Seventh Circuit Court of Appeals dismissed the appeals concluding that any challenge to the guilty pleas would be frivolous, and that the unambiguous waiver of his right to appeal was enforceable. *Id.* Soon thereafter, the

---

[1] Nguyen pled guilty to count one of the Wisconsin indictment and count one of a Michigan indictment following a Rule 20 transfer.

United States Supreme Court denied Nguyen's petition for writ of certiorari. *Nguyen v. United States*, 131 S. Ct. 430 (2010). Hence, Nguyen faces an unsurmountable hurdle: he knowingly and validly waived his right to challenge his conviction on appeal or in a § 2255 except for a motion asserting ineffective assistance of counsel, two other grounds not at issue here. The Seventh Circuit found the waiver enforceable, and rejected as frivolous many of the arguments Nguyen is trying to raise. Further, he cannot establish that he suffered prejudice on his ineffective assistance of counsel claims. As a result, the petition will be denied.

Nguyen asserts four grounds for relief in his pending motion: (1) the plea was not knowing or voluntary; (2) the government breached its plea agreement; (3) the court erred when imposing a sentencing enhancement pursuant to U.S.S.G. § 3B1.1; and (4) counsel was ineffective. Significantly, paragraph 35 of the plea agreement provides as follows:

> 35. Based on the government's concessions in this agreement, the defendant knowingly and voluntarily waives his right to appeal his sentence in this case and further waives his right to challenge his conviction or sentence in any post-conviction proceedings, including but not limited to a motion pursuant to 28 U.S.C. § 2255. This waiver does not extend to an appeal or post-conviction motion based on (1) any punishment in excess of the statutory maximum, (2) the sentencing court's reliance on any constitutionally impermissible factor, and (3) ineffective assistance of counsel.

And, during the plea colloquy, the court had the following exchange with Nguyen regarding the content of paragraph 35:

> THE COURT: Now I want you to next look at paragraph 35 because it has a provision that is quite significant. You indicate in paragraph 35 that you are waiving your right to challenge your conviction or sentence in a proceeding following your plea hearing and sentencing except under certain circumstances. You're giving up your right to bring what is called a 2255 motion, and except to the extent that the court may use some factors that are contrary to the U.S. Constitution or your attorney, Mr. Cutrone, has been

-2-

>ineffective in representing you in this case, so otherwise, basically what you're saying is "Any other claim that I might be able to present in a post-sentencing proceeding, I'm giving up." Do you understand that?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: So you cannot, under the terms of this plea agreement, appeal except to the extent that it may relate to a so-called habeas corpus proceeding. Do you understand?
>
> THE DEFENDANT: Yes, sir.

(Plea Hearing Tr. at 28-29.)

A waiver of appeal or of post-conviction relief rights is valid and enforceable unless the agreement in which it is contained is annulled. *United States v. Hare*, 269 F.3d 859, 860 (7th Cir. 2001). Moreover, in the Seventh Circuit, the waiver of the right to file a § 2255 motion shall, with only limited exceptions, be strictly enforced. *Nunez v. United States*, 546 F.3d 450, 454 (7th Cir. 2008). There are two claims that may be raised in a § 2255 motion by an individual who waived his right to appeal (1) the defendant received ineffective assistance of counsel in negotiating the waiver, or (2) that the waiver was not knowingly and voluntarily made. *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir.1999); *Mason v. United States*, 211 F.3d 1065, 1069 (2000); *see also Keller v. United States*, 657 F.3d 675, 681–682 (7th Cir. 2011).

On appeal the Seventh Circuit addressed Nguyen's waiver and a number of Nguyen's claims. Having reviewed counsel's *Anders* brief and Nguyen's, the Seventh Circuit discussed whether Nguyen could argue that his guilty pleas were involuntary based on a myriad of alleged omissions. The Seventh Circuit noted that the district court was not required to raise the issues of restitution or forfeiture because they were not issues in the prosecution, and the district court properly informed Nguyen that he could persist with his

plea of not guilty and had the right to counsel. In addition, the district court described the steps in the trial, including cross-examination and the right to confrontation. Further, Nguyen testified under oath at length about his involvement in a conspiracy to distribute marijuana and launder the drug proceeds through Canada. The Seventh Circuit rejected Nguyen's arguments as frivolous inasmuch as there were no omissions of the admonishment required by Rule 11 and there was a sufficient factual basis for the plea. After the Seventh Circuit concluded that any challenge to the guilty pleas would be frivolous, it further concluded that the waiver in the plea agreement was enforceable.

The Seventh Circuit also rejected Nguyen's assertion that the government breached the plea by not informing the district court of the nature and extent of his cooperation and by violating a purported agreement to limit his prison sentence to ten years. The Seventh Circuit focused on the language of the plea agreement which did not include a term limiting the length of Nguyen's prison sentence and Nguyen's acknowledgment during the plea that no promises had been made to him beyond what was in the plea agreement. Moreover, there was no evidence in the record that Nguyen cooperated.

Ultimately, Nguyen acknowledged at paragraph 41 of his plea agreement that he was pleading guilty because he was, in fact, guilty. He acknowledged and agreed that no threats, promises, representations, or other inducements had been made and that there were "no side agreements" other than the government's indication that it may recommend consideration for cooperation that could take place in the future. (Plea at ¶ 41, Plea Hearing Tr. at 17.) Additionally, he entered into a waiver that is clear, unambiguous and enforceable. Consequently, the court will dismiss the first three grounds asserted by Nguyen.

-4-

With respect to his various claims that counsel was ineffective, Nguyen bears a heavy burden. *Harris v. Reed*, 894 F.2d 871, 874 (7th Cir. 1990). To establish ineffective assistance of counsel, a prisoner must show "his attorney's performance was objectively deficient—in other words, that it fell outside the wide range of competent representation—and that he was prejudiced by the subpar representation." *United States v. Jones*, 635 F.3d 909, 915 (7th Cir. 2011), citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). If the court finds either the performance or the prejudice component of the ineffective assistance claim deficient, there is no need to consider the sufficiency of the other component. *United States v. Slaughter*, 900 F.2d 1119, 1124 (7th Cir. 1990). "A defendant's failure to satisfy either prong is fatal to his claim." *Ebbole v. United States*, 8 F.3d 530, 533 (7th Cir. 1993).

Nugyen submits that (1) counsel misinformed him regarding the possible penalties he would face if he entered a plea agreement, (2) relied on the government's open file policy rather than conducting formal discovery or any other investigation, (3) failed to conduct any investigation into a reasonable strategic defense to the money laundering charge, and thereafter providing erroneous, misleading advice that all elements of the charges had been satisfied, and (4) failed to challenge the evidence seized. Pursuant to Rule 4, the court dismissed Nguyen's attempt to attack his counsel's performance regarding a failure to file pretrial motions inasmuch as he waived this right by entering into the plea as discussed in his plea agreement.

Nguyen first argues that counsel misinformed him of the possible penalties he would face by pleading guilty "by deluding him into thinking his risk was minimized to that which was outlined in the proffer letter counsel had him sign." However, in paragraph 6 of the

-5-

plea agreement, Nguyen acknowledged that count one of the Wisconsin indictment carried a mandatory minimum of 10 years with a maximum of life in prison, and a maximum fine of $4,000,000, five years to life on supervised release, and a $100 special assessment. Moreover, the paragraph discussed count one of the Michigan indictment, which carried a maximum prison term of 20 years, a maximum fine of $500,000, up to 3 years of supervised release, and a $100 special assessment. Nguyen reaffirmed his understanding of these penalties during the plea hearing. (Plea Tr. at 14.) He also acknowledged that the court was not a party to the plea agreement and that he understood the court could "impose the maximum possible penalties in each of the cases." (Plea Tr. at 14-15.) In addition, Nguyen acknowledged in paragraph 15 of the plea agreement that the sentencing guidelines recommendations do not create any right to be sentenced within a particular guideline range.

Nothing in the record suggests that other promises were made to Nguyen by anyone involved in the case. Although Nguyen references a proffer letter regarding lesser penalties, the only proffer letter of which the court is aware was submitted by Nguyen on direct appeal and does not reference specific penalties or otherwise conflict with the plain language of the plea agreement. Therefore, because Nguyen cannot show prejudice or otherwise establish ineffective assistance of counsel, his claim will be dismissed.

Next, Nguyen asserts that the counsel relied on the government's open file policy without seeking formal discovery or conducting his own investigation. According to Nguyen, counsel failed to interview any of the witnesses who provided testimonial statements and these statements "formed the basis of the stipulated facts and were used to enhance the sentence." That the statements formed the basis of stipulated facts means

that Nguyen accepted those facts at the time of his plea. Because the plea was entered knowingly and voluntarily, Nguyen cannot establish prejudice from counsel's failure to independently interview the witnesses who had already provided statements.

Additionally, Nguyen asserts that counsel failed to conduct a reasonable investigation into a strategic defense to the money laundering charge and induced him to plead guilty on the advice that the elements had been satisfied. In support, he cites *United States v. Santos,* 553 U.S. 507 (2008), for its holding that the term proceeds referred to net profits rather than gross receipts.

In *Santos*, the Supreme Court considered whether the term "proceeds" in 18 U.S.C. § 1956(a)(1), the federal money-laundering statute, means "receipts" or "profits" in a case that involved an illegal gambling operation. *Id.*, 553 U.S. at 509. At the bars and restaurants, the defendant's runners gathered bets from gamblers, kept a portion of the bets as their commissions, and delivered the rest to the defendant's collectors. *Id.* The money-laundering charges against the defendant were based on payments to the lottery winners and his employees. *Id.,* 553 U.S. at 524. The district court vacated the money laundering convictions finding there was no evidence that the convictions involved profits as opposed to receipts of the illegal lottery. *Id*., 553 U.S. at 510.

A four justice plurality agreed and in applying the lenity rule, concluded the word "proceeds" means "profits" and not "receipts" in all cases. *Id.,* 553 U.S. at 510–14. This definition prevented a "merger problem," as defining "proceeds" as "receipts" would mean nearly every violation of the illegal-lottery statute would necessarily be a violation of the money laundering statute. *Id.*, 553 U.S. at 515. The act of running a lottery and gambling enterprise would not only violate 18 U.S.C. § 1955, but also 18 U.S.C. § 1956. *Id.*

-7-

Representing the fifth vote, Justice Stevens agreed, specifically with respect to the gambling enterprise, it was unclear whether Congress intended that "proceeds" would mean only profits or rather that it would include all receipts. *Id.*, 553 U.S. at 525–26 (Stevens, J., concurring). He concurred in the judgment only, finding that "[a]llowing the Government to treat the mere payment of the expense of operating an illegal gambling business as a separate offense is in practical effect tantamount to double jeopardy." *Id.*, 553 U.S. at 527. Nevertheless, Justice Stevens stated, "the legislative history of § 1956 makes it clear that Congress intended the term "proceeds" to include gross revenues from the sale of contraband and the operation of organized crime syndicates involving such sales." *Id.* at 526.

*Santos* does not help Nguyen in this case. Nguyen pled guilty to 18 U.S.C. § 1956(h), and admitted during the plea hearing that he was a "knowing participant in a money laundering conspiracy that involved the collection of marijuana proceeds in Michigan and elsewhere, and the use of money couriers to transport the drug money from Michigan to Canada, where it would be used to promote the drug conspiracy and/or to hid [sic] the assets. (Plea, Ex. C at 8; Plea Hearing Tr. at 29.) In addition, he stated that he knew the money he collected was going to Canada to pay distributors so that the shipments of marijuana would continue and that he would not be "cut-off." (Plea Hearing Tr. at 32-39.)

Moreover, Nguyen pled guilty to count one of the Michigan indictment, which charged violations of 18 U.S.C. §§ 1956(a)(1)(A)(I), 1956(a)(1)(B)I), 1956(a)(2)(A(), 1956(a)(2)(B)(I), and 1956(h). When "several statutes are alleged as the objective of a conspiracy," the government need only establish that the defendant's illicit objective involved "one of those statutes to convict." *United States v. Hughes*, 310 F.3d 557, 561

(7th Cir. 2002). Nugyen admitted facts sufficient to establish his guilt with respect to the 18 U.S.C. § 1956(h) count. Specifically, he knowingly participated in a conspiracy to collect marijuana proceeds in Michigan and elsewhere and use drug couriers to transport the motion from Michigan to Canada where it would be used to promote the drug conspiracy or hide the assets. (Plea Agreement, Att. C at 8.) Nguyen knew the money was going to Canada and that he had to keep the money flowing or he would not be involved in any more marijuana transactions. (Plea Hearing Tr. at 39.) Hence, he cannot establish prejudice that would sustain his ineffective assistance of counsel claims. Now, therefore,

IT IS ORDERED that Nguyen's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody is denied.

IT IS FURTHER ORDERED that this case is dismissed.

Dated at Milwaukee, Wisconsin, this 14th day of June, 2013.

BY THE COURT

/s/ C.N. Clevert, Jr.
C.N. CLEVERT, JR.
U.S. DISTRICT JUDGE

-9-

Case 2:10-cv-01038-CNC   Filed 06/14/13   Page 9 of 9   Document 9