UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

DRAKENOLD TUAN NGUYEN,

    Petitioner,

v.                                    Case No. 10-C-1038

UNITED STATES OF AMERICA,

    Respondent.

ORDER GRANTING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT (DOC. 46), DENYING AS MOOT PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT (DOC. 45) AND SETTING BRIEFING SCHEDULE

On June 30, 2016, the Seventh Circuit Court of Appeals transferred Drakenold Nguyen's motion for an order granting permission to reinstate direct appeal rights, construing it as a motion for relief from judgment under Rule 60 of the Federal Rules of Civil Procedure. This court denied Nguyen's motion under 28 U.S.C. § 2255 after concluding that he had waived his claims by pleading guilty and could not otherwise establish that he was prejudiced due to ineffective assistance of counsel. However, after the appeal was filed, a court reporter responding to Nguyen's request for a transcript discovered that a portion of the sentencing hearing had been sealed. The sealed portion of the sentencing hearing is cited as a basis for Nguyen's claim that his plea was involuntary and counsel was ineffective.

Briefly, Nguyen entered guilty pleas to one count of conspiracy to distribute and to possess with intent to distribute more than 1,000 kilograms of marijuana and one count of conspiracy to commit money laundering. (Case Nos. 05-CR-226 and 06-CR-163). On October 13, 2006, he was sentenced to a concurrent term of 240 months imprisonment.

Due to a clerical error, Nguyen's notice of appeal was not filed before the time to do so had run. Therefore, on May 26, 2009, the court entered an amended judgment imposing the same concurrent 240 month prison term.

On direct appeal, Nguyen argued that his guilty plea was involuntary and that the government rendered it so by failing to inform the court of the nature and extent of his cooperation and by violating a purported agreement to limit his prison sentence to ten years. Additionally, he maintained that counsel was ineffective in negotiating the plea. The Seventh Circuit dismissed the appeal concluding that any challenge to the guilty plea would be frivolous, and that the unambiguous waiver of his right to appeal was enforceable. The United States Supreme Court denied his petition for writ of certiorari.

In his § 2255 motion, Nguyen asserted that his plea was not knowing or voluntary, that the government breached its plea agreement, that the court erred when imposing a sentencing enhancement pursuant to U.S.S.G. § 3B1.1, and that counsel was ineffective. In denying the motion, the court cited the waiver of appeal rights in paragraph 35 of the plea agreement, Nguyen's discussion of the waiver during the plea colloquy, and the Seventh Circuit's decision on appeal.

With respect to the ineffective assistance of counsel claims, Nguyen argued, among other things, that counsel misinformed him of the possible penalties he would face after pleading guilty "by deluding him into thinking his risk was minimized to that which was outlined in the proffer letter counsel had him sign." The court directed Nguyen to the acknowledgment in his plea agreement that the Wisconsin indictment carried a maximum of life in prison and the Michigan indictment carried a maximum of 20 years. There was nothing before this court suggesting that promises were made to Nguyen by anyone

2

involved in the case. Indeed, the court stated that the only proffer letter of which the court was aware was submitted by Nguyen on direct appeal and did not reference specific penalties or otherwise conflict with the plain language of the plea agreement. Accordingly, the § 2255 motion was denied, and Nguyen appealed. The Seventh Circuit has since construed Nguyen's motion to reinstate his appeal rights as a Rule 60(b) motion and has transferred the same to this court.

A district court has discretion to reopen proceedings under Fed. R. Civ. P. 60(b)(3) for "fraud, misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3); *Wickens v. Shell Oil Co.,* 620 F.3d 747, 758 (7th Cir. 2010). However, a Rule 60(b)(3) motion must be made within a reasonable time but no more than a year after the judgment or order or the date of the proceeding. Fed. R. Civ. P. 60(c)(1). Additionally, Fed. R. Civ. P. 60(b)(6) allows the court to grant relief from judgment for "any other reason that justifies relief." Finally, Fed. R. Civ. P. 60(d)(3) authorizes every district court, independent of Rule 60(b), to "set aside a judgment for fraud on the court" no matter when the fraud comes to light. Simple perjury does not allow relief under Rule 60(d)(3); however, "a cooperative endeavor by multiple police officers and their lawyers to suppress the truth might do so." *Moore v. Burge*, 771 F.3d 444, 448 (7th Cir. 2014). A party seeking to set aside a judgment under Rule 60(d)(3) must prove fraud by clear and convincing evidence. *Wickens*, 620 F.3d at 759.

In transferring Nguyen's motion to this court, the Seventh Circuit focused on new evidence of "proffer letters presented during his plea hearing, the transcript of which had been mistakenly sealed in the district court." According to the Seventh Circuit, "Nguyen attempted to unseal the transcripts for nearly ten years, despite the district court's

3

insistence that there were no sealed documents in the record."[1] As a consequence, the Seventh Circuit instructed this court to, if appropriate, conduct an evidentiary hearing to determine if the circumstances surrounding the sealed transcript operated as fraud on the district court, see Fed. R. Civ. P. 60(b)(3), (b)(6), (d)(3), and whether its review of an incomplete record supported its decision to enter judgment against Nguyen."

Nguyen argues that because the allocution was not recorded in the minutes or on the docket, appellate counsel could not locate the basis for Nguyen's claim. In his motion to withdraw, counsel stated:

> Mr. Nguyen maintains that there was a proffer letter signed by the parties which contained an agreement to this specific sentence. However, there is no evidence of such an agreement in the record.

(Doc. 45, Ex. E.) In a footnote, counsel explained that he was aware of the November 1, 2005, proffer letter which did not contain any promise for a specific sentence and that he could not locate any second proffer letter signed by Nguyen, the government, and defense counsel.

The relevant portion of the full transcript, which was first docketed on July 31, 2015, states as follows:

> THE DEFENDANT: In a short period of time I was act foolish, stupid, and ruined my life for just some – a quick cash.
>
> Since I've been in the county jail I'm still learning and reading and writing my scripts.

---

[1] Nguyen filed two motions to unseal all records and proceedings in Case No. 10-C-1038. His first motion was filed on November 22, 2013. The court denied these motions on May 5, 2014, and May 14, 2015, because it did not appear from the docket that there were unsealed documents in Case Nos. 05-CR-228 or 06-CR-163. As soon as the court reporter's discovery revealed the clerical error, the court granted Nguyen's motion for guidance on July 21, 2015, and unsealed all portions of the sentencing.

4

> That's my understanding, Your Honor. My first attorney, Mr. Brennan, came to me. Often we would sign the proffer letters. And when Mr. Cutrone – and I changed to Mr. Cutrone because financially can't afford Mr. Brennan.
>
> He also offered me – Mr. Cutrone also come to me with proffer letters. What I understand is it guarantee me at the mandatory minimum of the level, and I sign it.
>
> I spent a lot of times for debriefing what I have done.
>
> . . . .
>
> At this point that's what I understanding. When I start – sign the plea, I understand the liability I have. At least that's a [Indiscernible] and up today I'm facing 240 months. That surprised me.
>
> And one thing I just wanted to make the records that – to ensure [Indiscernible] understand, I promise to cooperate to the best and [Indiscernible] give them in the future. I still help the government every which way I can in the futures.

Case No. 05-CR-228 (Doc. 109). Nguyen's motion to reinstate asserts that the parties discussed the "proffer letter agreement" off the record but in chambers, and that placed undue pressure on him to plead.

The court does not believe an evidentiary hearing is required with respect to the motion for relief from judgment. The motion was not brought within a year of the order or judgment as required for motions brought under Rule 60(b)(3). Fraud on the court did not prevent Nguyen from accessing the relevant portion of the sentencing transcript. Rather, it was a clerical error that the sealed portion of the transcript was not referenced in the minutes from the sentencing or otherwise reflected on the docket. As indicated by the court reporter on June 30, 2015, "neither the docket nor the minutes referenced the sealing of the allocution during the sentencing proceeding." Consequently, the "fact of the sealing

5

was not evidence and only learned of when preparing the transcript pursuant to" the request of Nguyen's brother. (Doc. 56, Ex. G.) As soon as this clerical error was brought to the court's attention, the portion of the sentencing record was unsealed and made public.

The Seventh Circuit instructed this court to consider Fed. R. Civ. P. 60(b)(3),(6), and 60(d)(3) upon remand.[2] Therefore, now in the absence of fraud respecting the sealed transcript, the court is left to consider Fed. R. Civ. P. 60(b)(6), a catchall provision of the procedural rules which applies when a motion is brought within a reasonable time. The court finds that this is the type of extraordinary circumstance worthy of 60(b)(6) relief. Justice demands that Nguyen's motion be decided on a complete record with all relevant evidence before the court, particularly where Nguyen raised the arguments in a timely manner but could not support them with a citation to the record until the error was revealed to the court in 2015. Mindful that Fed. R. Civ. P. 60(b)(6) is typically reserved for extraordinary circumstances that rarely occur in the habeas context, *see Arrieta v. Battaglia*, 461 F.3d 861, 865 (7th Cir. 2006), the court finds that the circumstances presented in this case warrant additional consideration of Nguyen's § 2255 motion.

The court further notes that Nguyen has asked to reinstate his appeal rights and that the government filed a response to the § 2255 motion on July 19, 2011. However, the

---

[2] Although Rule 60(a) provides for corrections based on clerical mistakes, the Seventh Circuit has held that "[i]f the flaw lies in the translation of the original meaning to the judgment, then Rule 60(a) allows a correction; if the judgment captures the original meaning but is infected by error, []the parties must seek another source of authority to correct the mistake." *Wesco*, 880 F.2d at 984 (citing *United States v. Griffin*, 782 F.2d 1393, 1396-97 (7th Cir. 1986)). Here, the judgment captured the original meaning but the court was unaware of the sealed transcript upon which Nguyen relies in support of his argument. Meanwhile, Fed. R. Civ. P. 60(b)(1) provides relief from final judgments that are the product of "mistake, inadvertence, surprise or excusable neglect;" however, the Seventh Circuit's instructions to this court were clear. The court notes that the absence of any reference on the docket to the sealed portion of the sentencing hearing was a clear clerical error unrelated to any action by the parties or counsel.

6

earlier response did not address Nguyen's statement at sentencing regarding the proffer letters and Nguyen's surprise that he could be sentenced to 240 months. Consequently, Nguyen's comments, in combination with paragraph 40 of the plea agreement, require additional briefing, with due consideration of the issues that Nguyen raised on direct appeal and in his § 2255 motion. Now, therefore,

IT IS ORDERED that Drakenold Nguyen's motion for relief from judgment is granted pursuant to Rule 60(b)(6). (Doc. 46.)

IT IS FURTHER ORDERED that Nguyen's initial motion for relief from judgment is denied as moot. (Doc. 45.)

IT IS FURTHER ORDERED that on or before November 11, 2016, the government shall respond to Nguyen's assertions that the previously sealed portion of the sentencing transcript references multiple proffer letters and an agreement that it will ask that Nguyen be sentenced to a mandatory minimum term rather than 240 months.

IT IS FURTHER ORDERED that Nguyen may file a reply to the government's response on or before December 9, 2016.

Dated at Milwaukee, Wisconsin, this 17th day of October, 2016.

> BY THE COURT
>
> /s/ C.N. Clevert, Jr.
> C.N. CLEVERT, JR.
> U.S. DISTRICT JUDGE